UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT SAM,

      Plaintiff,

      v.

DEKALB COUNTY, ILLINOIS, et al.,

      Defendants.

No. 25 CV 1420

Judge Manish S. Shah

### ORDER

The application to proceed without prepayment of fees [4] is granted. The complaint is dismissed without prejudice for failure to state a claim, absolute immunity, *Younger* abstention, and improper divisional filing. The motion for attorney representation [11] is denied. Enter judgment and terminate civil case. The dismissal is without prejudice to plaintiff filing a complaint that states a federal claim for relief in the Western Division of this district or in a state court of competent jurisdiction, where the events took place. Plaintiff's other motions, [7] [10], are denied as moot, although this court considered the filings to understand the claims alleged in plaintiff's complaint.

### STATEMENT

Plaintiff Robert Sam submitted a complaint, trying to sue a state-court judge, Bradley Waller, the county in which the judge sits, DeKalb County, and the lawyers, an entity, and a person involved in plaintiff's legal proceedings—primarily an eviction proceeding that plaintiff believes has been corrupted by the judge's communications with plaintiff.

Plaintiff asks to file this case without prepaying the filing fee. His application demonstrates that he cannot afford the filing fee and is granted. The court screens the complaint to see if it should be dismissed for failure to state a claim for relief, is frivolous, or seeks monetary relief against immune defendants. 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint is organized into six counts: 1. violation of due process (invoking 42 U.S.C. § 1983); 2. conspiracy to interfere with civil rights (42 U.S.C. § 1985); 3. violation of equal protection under the Fourteenth Amendment; 4. retaliation in violation of the First Amendment; 5. bribery (in violation of federal criminal law); and 6. obstruction of justice (in violation of federal criminal law).

Federal criminal statutes do not give a plaintiff a right to sue someone civilly unless the text of the statute demonstrates that Congress intended to create a private right and remedy. *See Charles v. Anna-Jonesboro Nat'l Bank*, No. 22-3261, 2023 WL 6818643, at \*2 (7th Cir. Oct. 17, 2023). The bribery and obstruction of justice statutes cited by plaintiff do not give him a right to sue and are dismissed.

The claims against BKA Holdings, LLC, and Melissa Mobile are dismissed because there are no allegations against them other than a conclusory statement that they conspired against plaintiff. Conclusory allegations do not state a claim for relief and here, there are no allegations that suggest that BKA Holdings and Melissa Mobile agreed to violate plaintiff's rights. Other than citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694, (1978), plaintiff's complaint does not suggest how DeKalb County inflicted an injury on plaintiff through an official policy or practice. As with the claims against BKA Holdings and Melissa Mobile, the complaint is too conclusory to state a claim against DeKalb County.

Similarly, plaintiff names the State's Attorney for DeKalb County, Riley Oncken, as a defendant but does not allege how Oncken is involved in a violation of plaintiff's constitutional rights or how Oncken did anything falling outside of his prosecutorial duties (for which he is immune from damages under § 1983). *See Parker v. U.S. Department Of Housing And Urban Development, et al.*, No. 24-2567, 2025 WL 654977, at \*3 (7th Cir. Feb. 28, 2025).

Private attorney Nicholas Cronauer is a named defendant. Plaintiff cites *Gibson v. Berryhill*, 411 U.S. 564 (1973). From that citation, and the allegation that Cronauer was both a lawyer and a party to a lawsuit, it seems plaintiff is suggesting that Cronauer violated due process through a conflict of interest. But there are no allegations that Cronauer was acting under color of law or that Cronauer agreed with Judge Waller to manipulate plaintiff into compromising his claims. The claims against Cronauer are dismissed.

Plaintiff's complaint and supplemental filings focus on Judge Waller and a series of communications between plaintiff and the judge in which the judge offered to help plaintiff. Plaintiff cites *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 887 (2009), and the proposition that a judge's actual bias can rise to an unconstitutional level. But that case does not overcome a judge's absolute immunity from damages lawsuits. *See Doermer v. Callen*, 847 F.3d 522, 530 (7th Cir. 2017) (judges are entitled to absolute immunity from damages stemming from their official acts, no matter how erroneous or harmful).

Plaintiff asks this court to enjoin ongoing eviction proceedings in McHenry County. But there is no reason to think McHenry County cannot adjudicate an eviction dispute, and federal courts should not step in and tell state courts how to conduct their proceedings. *See SKS & Assocs., Inc. v. Dart*, 619 F.3d 674, 679 (7th Cir. 2010).

Finally, dismissal without prejudice makes sense because the Eastern Division of the United States District Court for the Northern District of Illinois is not the proper division to hear plaintiff's claims. DeKalb County is in the Western Division of the district and is the location of relevant events. Plaintiff seems to suggest that the Western Division cannot be fair to plaintiff, but other than the general familiarity among judges and lawyers, plaintiff points to no basis to recuse the entire division. And questions of recusal are for the assigned judge to evaluate in the first place.

The motion for attorney representation is denied. There is no right to a lawyer in a civil case, and in this case, recruiting an attorney is not necessary. The case is closed in this division and an attorney would not affect that disposition.

ENTER:

Date: March 13, 2025

s/ Manish S. Shah
Manish S. Shah
U.S. District Judge